IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------- x
In re:                                                  : Chapter 11
                                                        :
                                                        : Case No. 10-10206 (MFW)
Telogy, LLC, et al.,                                    :
                                                        : Jointly Administered
                Debtors.[1]         :
                                                        : **Hearing Date: February 23, 2010 at 12:30 p.m. (ET)**
                                                        : **Objection Deadline: February 16, 2010 at 4:00 p.m. (ET)**
------------------------------------------------------- x

## DEBTORS' APPLICATION TO EMPLOY AND RETAIN WILLKIE FARR & GALLAGHER LLP AS CO-COUNSEL TO DEBTORS AND DEBTORS IN POSSESSION PURSUANT TO SECTIONS 327(a), 328, 330, 331 AND 1107(b) OF THE BANKRUPTCY CODE

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

The debtors and debtors in possession in the above-captioned cases (collectively, the "**Debtors**") hereby move for entry of an order, pursuant to sections 327(a), 328 and 1107(b) of title 11 of the United States Code (the "**Bankruptcy Code**"), authorizing the employment and retention of the law firm of Willkie Farr & Gallagher LLP ("**WF&G**") as co-counsel to the Debtors, effective as of the commencement of these cases (the "**Application**"), and respectfully represent as follows:

### JURISDICTION

1.     This Court has jurisdiction to consider this Application pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for

---

[1] The last four digits of the taxpayer identification numbers of the Debtors follow in parentheses: (i) e-Cycle, LLC (1582) and (ii) Telogy, LLC (1530). The Debtors' executive headquarters are located at 3200 Whipple Road, Union City, California 94587.

the relief requested herein are sections 327(a), 328, 330, 331 and 1107(b) of the Bankruptcy Code, as supplemented by Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and Rule 2014-1 and 2016 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**").

## BACKGROUND

2. On January 24, 2010 (the "**Petition Date**"), Telogy, LLC ("**Telogy**") and e-Cycle, LLC filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. The Debtors are continuing in the possession of their respective properties and the management of their respective businesses as debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code. By order dated January 26, 2010 [Doc. No. 29], these chapter 11 cases have been consolidated for procedural purposes only. On February 3, 2010, the Office of the United States Trustee for the District of Delaware appointed an official committee of unsecured creditors (the "Committee").

3. The events leading up to the Petition Date and the facts and circumstances supporting the relief requested herein are set forth in the Affidavit of Gary B. Phillips, Chief Executive Officer of the Debtors, in Support of Chapter 11 Petitions and First Day Pleadings [Doc. No. 2], which was filed with this Court on the Petition Date and is incorporated herein by reference.

## RELIEF REQUESTED

4. By this Application, the Debtors seek to employ and retain WF&G as their co-counsel, pursuant to sections 327(a) and 328 of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code, under a general retainer to perform the legal services more

fully set forth herein, *nunc pro tunc* to the Petition Date. The Debtors have been informed that the members and associates of WF&G who will appear before this Court shall seek to be or have been admitted before this Court *pro hac vice*.

5. Since 2006, WF&G has represented the Debtors in general corporate, litigation and other matters. More recently, WF&G's engagement was expanded to include general advice and assistance with regard to asset dispositions, financial restructuring issues and, ultimately, the preparation and commencement of these cases. The Debtors desire to employ WF&G to continue to provide such restructuring advice as is necessary and requested by the Debtors, and to provide advice in other areas of the law, including but not necessarily limited to, M&A, tax, real estate, corporate finance, employee benefits, and litigation.

6. The Debtors have selected WF&G to serve as co-counsel because WF&G's attorneys have extensive experience and knowledge in the fields of debtors' and creditors' rights, debt restructuring and corporate reorganizations, M&A, tax, real estate, employee benefits, corporate finance and commercial litigation, among others. In addition, WF&G has become familiar with the Debtors' operations and businesses through the services it provided to the Debtors prior to the commencement of these cases. Accordingly, the Debtors believe that WF&G is well qualified to represent them in these chapter 11 cases.

7. Subject to the allocation of assignments among the Debtors' other professionals, as described herein, WF&G may be requested to render the following services to the Debtors:

> (a) providing the Debtors with advice, representing the Debtors, and preparing all necessary documents on behalf of the Debtors, in the areas of bankruptcy, M&A, corporate finance, employee benefits, and tax law, as well as with regard to commercial litigation, debt restructuring and asset dispositions;

(b) taking all necessary actions to protect and preserve each of the Debtors' estates during the pendency of these chapter 11 cases, including the prosecution of actions by the Debtors, the defense of actions commenced against the Debtors, negotiations concerning litigation in which the Debtors are involved and the objection to claims filed against the estates;

(c) preparing, on behalf of the Debtors, as debtors in possession, all necessary motions, applications, answers, orders, reports and papers in connection with the administration of these chapter 11 cases;

(d) assisting the Debtors in all matters related to the contemplated sale of substantially all of Telogy's assets;

(e) counseling the Debtors with regard to their rights and obligations as debtors in possession; and

(f) performing all other necessary or requested legal services.

8. The Debtors have applied or intend to apply to the Court to retain (a) Young Conaway Stargatt & Taylor, LLP as bankruptcy co-counsel, (b) Epiq Bankruptcy Solutions, LLC as claims and noticing agent, and (c) Broadpoint Capital, Inc. as financial advisor. The Debtors also may seek to retain other professionals in the ordinary course of their businesses or as appropriate. Each of these firms works under the direction of the Debtors' management. The Debtors' members, partners, and/or directors, as applicable, and the Debtors' senior management are committed to minimizing duplication of services in order to reduce professional costs, among other things. To that end, WF&G is prepared to work closely with each professional to ensure that there is no unnecessary duplication of effort or cost.

9. The Debtors submit that the retention of WF&G under the terms described herein is appropriate under sections 327 and 1107 of the Bankruptcy Code. Section 327(a) of the Bankruptcy Code, as modified by section 1107(a) of the Bankruptcy Code, empowers the

trustee,[2] with the Court's approval, to employ attorneys "that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title." 11 U.S.C. § 327(a). Section 101(14) of the Bankruptcy Code defines "disinterested person" as a person that:

(a) is not a creditor, an equity security holder, or an insider;

(b) is not and was not, within two years before the date of the filing of the petition, a director, officer, or employee of the debtor; and

(c) does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the debtor, or for any other reason.

11 U.S.C. § 101(14).

10. Section 1107(b) of the Bankruptcy Code provides that "a person is not disqualified for employment under section 327 of this title by a debtor in possession solely because of such person's employment by or representation of the debtor before the commencement of the case." 11 U.S.C. § 1107(b). To the best of the Debtors' knowledge, the members and associates of WF&G do not have any connection with the Debtors, their creditors or any other party in interest, or their attorneys, except as may be set forth in the Affidavit of Gordon Caplan in Support of Application to Employ and Retain Willkie Farr & Gallagher LLP as Co-Counsel to Debtors and Debtors in Possession (the "**Caplan Affidavit**"), which is annexed hereto as Exhibit A. Accordingly, except as may be set forth in the Caplan Affidavit, the Debtors believe WF&G is "disinterested" and does not hold or represent an interest adverse to the Debtors' estates.

---

[2] Pursuant to section 1107(a) of the Bankruptcy Code, the Debtors, as debtors in possession, have substantially all of the rights, powers and duties of a trustee.

DB02:9229172.1

069120.1001

11. Section 328(a) authorizes the employment of a professional person "on any reasonable terms and conditions of employment, including on a retainer...." 11 U.S.C. § 328(a). The Debtors may require WF&G to render extensive legal services, the cost of which cannot be estimated at this time. Accordingly, it is necessary and essential for the Debtors, as debtors in possession, to employ attorneys under a general retainer to render the foregoing services.

12. Subject to this Court's approval and in accordance with sections 330 and 331 of the Bankruptcy Code, the applicable Bankruptcy Rules, the Local Rules, and other procedures that may be fixed by the Court, the Debtors request that WF&G be compensated on an hourly basis and that WF&G receive reimbursement of actual and necessary expenses incurred in connection with their representation of the Debtors in these cases.

## NOTICE

13. Notice of this Application will be given to: (a) the United States Trustee for the District of Delaware; (b) counsel to the agent for the Debtors' prepetition secured lenders; (c) counsel to the Committee; and (d) those parties that have requested notice pursuant to Bankruptcy Rule 2002 as of the date hereof. The Debtors submit that, under the circumstances, no other or further notice is required.

*Signature Page Follows*

## CONCLUSION

WHEREFORE, the Debtors respectfully request that the Court enter an order, substantially in the form annexed hereto as <u>Exhibit B</u>, granting the relief requested in the Application and such other and further relief as may be just and proper.

Dated: Wilmington, Delaware
February 2, 2010

                            Telogy, LLC
                            e-Cycle, LLC

                        By: _____
                            Gary B. Phillips
                            Chief Executive Officer