# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

```
------------------------------------------------------x
In re                                                 :   Chapter 11
                                                      :
Telogy, LLC, et al.,                                  :   Case No. 10-10206 (MFW)
                                                      :
                    Debtors.¹                         :   Jointly Administered
                                                      :
                                                      :   Hearing Date: February 23, 2010 at 12:30 p.m. (ET)
------------------------------------------------------x   Objection Deadline: February 16, 2010 at 4:00 p.m. (ET)
```

## DEBTORS' APPLICATION PURSUANT TO SECTION 327(a) OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 2014 FOR AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF YOUNG CONAWAY STARGATT & TAYLOR, LLP AS CO-COUNSEL FOR THE DEBTORS *NUNC PRO TUNC* TO THE PETITION DATE

The debtors and debtors in possession in the above-captioned cases (together, the "Debtors") by this application (the "Application") respectfully seek the issuance and entry of an order, pursuant to section 327(a) of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code"), and Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), authorizing and approving the retention of Young Conaway Stargatt & Taylor, LLP (the "Firm" or "Young Conaway") as co-counsel to the Debtors in these chapter 11 cases, *nunc pro tunc* to the Petition Date (as defined below). In support of this Application, the Debtors submit the Affidavit of Matthew B. Lunn (the "Lunn Affidavit"), attached hereto as Exhibit A, and respectfully represent as follows:

## JURISDICTION

1.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409. This

---

¹ The last four digits of the taxpayer identification numbers of the Debtors follow in parentheses: (i) Telogy, LLC (1530) and (ii) e-Cycle, LLC (1582). The Debtors' executive headquarters are located at 3200 Whipple Road, Union City, California 94587.

is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and the statutory predicate for the relief

requested herein is section 327(a) of the Bankruptcy Code, along with Bankruptcy Rule 2014.

## BACKGROUND

2.      On January 24, 2010 (the "Petition Date"), Telogy, LLC and e-Cycle,

LLC filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. The Debtors

are continuing in the possession of their respective properties and the management of their

respective businesses as debtors in possession pursuant to sections 1107 and 1108 of the

Bankruptcy Code. This Court has entered an order consolidating these chapter 11 cases for

procedural purposes. On February 3, 2010, the Office of the United States Trustee for the

District of Delaware appointed an official committee of unsecured creditors (the "Committee").

3.      The events leading up to the Petition Date and the facts and circumstances

supporting the relief requested herein are set forth in the Affidavit of Gary B. Phillips, Chief

Executive Officer of the Debtors, in Support of Chapter 11 Petitions and First Day Pleadings,

which was filed with the Court on the Petition Date and is incorporated herein by reference.

## RELIEF REQUESTED

4.      By this Application, the Debtors seek authority to employ and retain

Young Conaway as their bankruptcy co-counsel with regard to the filing and prosecution of their

chapter 11 cases, effective *nunc pro tunc* to the Petition Date.

## BASIS FOR THE RELIEF REQUESTED

A.      **Young Conaway's Qualifications**

5.      The Debtors seek to retain Young Conaway as their attorneys because of

the Firm's extensive experience and knowledge in the field of debtors' and creditors' rights and

business reorganizations under chapter 11 of the Bankruptcy Code. Additionally, the Debtors

DB02:9152665.1                                                                           069120.1001

submit that Young Conaway's expertise, experience and knowledge practicing before this Court will be efficient and cost effective for the Debtors' estates. In preparing for these cases, Young Conaway has become familiar with the Debtors' businesses and affairs and many of the potential legal issues which may arise in the context of these chapter 11 cases. Accordingly, the Debtors believe that Young Conaway is both well qualified and uniquely able to represent them as bankruptcy counsel in these chapter 11 cases in a most efficient and timely manner.

6.      The Debtors have applied, or intend to apply, to the Court to retain Willkie Farr & Gallagher LLP as bankruptcy co-counsel and Broadpoint Capital, Inc. as financial advisor. Each of these firms works under the direction of the Debtors' management. The Debtors' members and/or directors, as applicable, and the Debtors' senior management are committed to minimizing duplication of services in order to reduce professional costs, among other things. To that end, Young Conaway is prepared to work closely with each professional to ensure that there is no unnecessary duplication of effort or cost. The Debtors also may seek to retain other professionals in the ordinary course of their businesses or as otherwise appropriate.

**B.      Payment of Fees and Expenses**

7.      Young Conaway will seek Court approval of its compensation and reimbursement of its actual, necessary expenses and other charges incurred by the Firm upon the filing of appropriate applications for interim and final compensation and reimbursement pursuant to sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules and the Local Rules of the Bankruptcy Practice and Procedure for the United States Bankruptcy Court for the District of Delaware ( the "Local Rules"). The principal attorneys and paralegal presently designated to represent the Debtors and their current standard hourly rates are:

| | |
|---|---|
| Robert S. Brady, Partner | $660.00 |
| Matthew B. Lunn, Partner | $425.00 |

| | |
|---|---|
| Donald J. Bowman, Jr., Associate | $350.00 |
| Robert F. Poppiti, Jr., Associate | $285.00 |
| Melissa Bertsch, Paralegal | $165.00 |

The hourly rates set forth above are subject to periodic adjustments to reflect economic and other conditions. Other attorneys and paralegals may from time to time serve the Debtors in connection with the matters herein described.

8.      The hourly rates set forth above are the Firm's standard hourly rates for work of this nature. These rates are set at a level designed to fairly compensate the Firm for the work of its attorneys and paralegals and to cover fixed and routine overhead expenses. It is the Firm's policy to charge its clients in all areas of practice for all other expenses incurred in connection with a client's case. The expenses charged to clients include, among other things, telephone and telecopier toll and other charges, mail and express mail charges, special or hand delivery charges, document processing, photocopying charges, charges for mailing supplies (including, without limitation, envelopes and labels) provided by the Firm to outside copying services for use in mass mailings, travel expenses, expenses for "working meals," computerized research, transcription costs, as well as non-ordinary overhead expenses approved by the client such as secretarial and other overtime. The Firm will charge the Debtors for these expenses in a manner and at rates consistent with charges made generally to the Firm's other clients. The Firm believes that it is fairer to charge these expenses to the clients incurring them than to increase the hourly rates and spread the expenses among all clients.

9.      Young Conaway was retained by the Debtors pursuant to an engagement agreement dated December 30, 2009 (the "Engagement Agreement"). Young Conaway received a retainer in the amount of $25,000.00 (the "Retainer") in connection with the planning and preparation of initial documents and its proposed post-petition representation of the Debtors. In

addition, the Firm received $18,552.34 on January 22, 2010 on account of fees and expenses incurred through and including the date thereof. A portion of the Retainer has been applied to outstanding balances existing as of the Petition Date.[2] The remainder will constitute a general retainer for post-petition services and expenses.[3]

　　　　　10.　　In these cases, the general security retainer is appropriate for several reasons. See In re Insilco Technologies, Inc., 291 B.R. 628, 634 (Bankr. D. Del. 2003) (Carey, J.) ("Factors to be considered, include . . . whether terms of an engagement agreement reflect normal business terms in the marketplace; . . . the relationship between the Debtor and the professionals, i.e., whether the parties involved are sophisticated business entities with equal bargaining power who engaged in an arms-length negotiation[] [and] . . . whether the retention, as proposed, is in the best interests of the estate[] . . ."); see also Statements of Bankruptcy Judge Peter J. Walsh, In re CTC Communications Group, Inc., Case No. 02-12873 (PJW) (Bankr. D. Del. May 22, 2003), transcript of hearing held May 22, 2003, at 43 ("I agree and adopt wholeheartedly Judge Carey's decision in the Insilco case."). First, these types of retainer agreements reflect normal business terms in the marketplace. See In re Insilco Technologies, Inc., 291 B.R. at 634 ("[I]t is not disputed that the taking of [security] retainers is a practice now common in the market place."). Second, both Young Conaway and the Debtors are sophisticated business entities that have negotiated the retainer at arm's length. Third, the retention of Young Conaway is in the best interests of the Debtors' estates because the retention agreement and retainer allow the Debtors to maintain the prepetition relationship established with Young Conaway. Thus, under the standards articulated in In re Insilco Technologies, Inc., and adopted

---

[2] Young Conaway has not yet completed its final reconciliation of pre-petition fees and expenses applied against the Retainer. Details regarding such final reconciliation will be included in the Firm's first application for interim compensation.

[3] Young Conaway's statement pursuant to Bankruptcy Rule 2016 is attached hereto as Exhibit B.

DB02:9152665.1　　　　　　　　　　　　　　　　　　　　　　　　　　　069120.1001

In re CTC Communications Group, Inc., the facts and circumstances of these cases support the approval of the security retainer.

11.     As set forth in the Lunn Affidavit, Young Conaway has not shared or agreed to share any of its compensation from the Debtors with any other person, other than as permitted by section 504 of the Bankruptcy Code.

## C.     Services to Be Provided

12.     The professional services that Young Conaway will render to the Debtors include, but shall not be limited to, the following:

- to provide legal advice with respect to the Debtors' powers and duties as debtors-in-possession in the continued operation of their business, the management of their properties and the sale of their assets;

- to prepare on behalf of the Debtors necessary applications, motions, answers, orders, reports and other legal papers;

- to appear in Court and to protect the interests of the Debtors before the Court; and

- to perform all other legal services for the Debtors which may be necessary and proper in these proceedings.

## D.     Bankruptcy Rule 2014 Disclosure

13.     To the best of the Debtors' knowledge, and except as disclosed herein and in the Lunn Affidavit, Young Conaway has not represented the Debtors, their creditors, or any other parties-in-interest, or their respective attorneys, in any matter relating to the Debtors or their estates. Young Conaway is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code in that the Firm, its partners, counsel and associates:

    a.     are not creditors, equity security holders, or insiders of the Debtors;

    b.     are not and were not, within 2 years before the Petition Date, directors, officers, or employees of the Debtors; and

069120.1001

c.    do not have an interest materially adverse to the interests of the Debtors' estates or of any class of the Debtors' creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, any of the Debtors, or for any other reason.

14.    For the above reasons, the Debtors submit that Young Conaway's employment is necessary and in the best interests of the Debtors and their estates.

## NOTICE

15.    Notice of this Application will be given to: (a) the United States Trustee for the District of Delaware; (b) counsel to the agent for the Debtors' prepetition secured lenders; (c) counsel to the Committee; and (d) those parties that have requested notice pursuant to Bankruptcy Rule 2002 as of the date hereof. The Debtors submit that, under the circumstances, no other or further notice is required

16.    No previous application for the relief sought herein has been made to this or any other Court.

*Remainder of Page Intentionally Left Blank*

DB02:9152665.1    069120.1001

## CONCLUSION

WHEREFORE, the Debtors respectfully request this Court to enter an order, substantially in the form attached hereto as Exhibit C, granting the relief requested herein and such other and further relief as this Court deems just and proper.

Dated: February 2, 2010

TELOGY, LLC
E-CYCLE, LLC

Gary B. Phillips
Chief Executive Officer

DB02:9152665.1

069120.1001